**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **The Noco Company, Inc.,** | **Case No. 1:20cv1170** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Zhejiang Quingyou Electronic Commerce Co., Ltd., et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants** | |

Currently pending is Plaintiff The Noco Company, Inc.'s "Motion to Reconsider that Portion of the 1-27-2021 Order Denying Noco Leave to Serve Defendant Shenzhen Aojie Technology, Ltd. through Alternative Means." (Doc. No. 15.) For the following reasons, Plaintiff's Motion is GRANTED.

**I.       Background**

On May 28, 2020, Plaintiff The Noco Company, Inc. ("Plaintiff" or "Noco") filed a Complaint for Patent Infringement against Defendant Zhejiang Qingyou Electronic Commerce Co., Ltd ("Qingyou"). (Doc. No. 1.) Several months later, on September 16, 2020, Noco filed a First Amended Complaint for Patent Infringement, in which it added Shenzhen Aojie Technology Co., Ltd ("Aojie") and Shenzhen Shi Shenai Dianzishangwu Youxian Gongsi ("Shenai") as Defendants. (Doc. No. 8.) According to Plaintiff, Defendants Qingyou, Aojie, and Shenai are all business entities headquartered in China that do business under the name AUTOWN. (*Id*. at ¶¶ 3-5.)

Noco designs and manufactures premium consumer battery chargers, jump starters, and other portable power devices used primarily in the automotive and marine industries. (*Id.* at ¶ 12.) In July 2014, Noco filed a utility patent application covering its Genius Boost lithium jump starter, which

was granted and issued in April 2015 as U.S. Patent No. 9,007,015 (the "'015 Patent.") (*Id.* at ¶ 19.) In the First Amended Complaint, Noco alleges that "Defendants infringe the '015 Patent in violation of 35 U.S.C. § 271 by making, using, offering to sell, and/or importing at least the following models of compact lithium jump starter sold under the brand name AUTOWN that have safety features claimed in the '015 Patent: RP-PI-03 and RP-PI-04." (*Id.* at ¶ 23.)

Noco alleges that Defendants sell their products to consumers in the United States online, through Amazon.com, under the names "AUTOWN Direct" and "SHENAIUS." (*Id.* at ¶¶ 7-8.) *See also* Declaration of Aaron Williams (Doc. No. 13) at ¶¶ 3, 5.) Prior to initiating the instant lawsuit, Noco, through counsel, attempted to ascertain physical addresses for Defendants Qingyou, Aojie, and Shenai by conducting a "comprehensive and exhaustive search" of product instruction manuals, Amazon.com, Facebook, Google and a credit management website called Mira Inform. (Doc. No. 13 at ¶ 2.) Of relevance herein, Noco discovered two potential physical addresses for Defendant Aojie: (1) the physical address listed on its Amazon page; and (2) a different physical address generated from credit management company, Mira Inform. (Doc. No. 13 at ¶ 4, 9; Doc. Nos. 13-1, 13-3.)

In October 2020, through FedEx, Noco mailed Waiver of Service packages to Defendant Aojie to the two addresses noted above. The package sent to Defendant Aojie at the physical address listed on its Amazon.com page was not delivered due to "Incorrect Address." (*Id.* at ¶ 14.) The package sent to Defendant Aojie at the physical address obtained through Mira Inform was successfully delivered; however, Noco states that "it was received by the building's mailroom and therefore it is unclear whether it ultimately reached Defendant Aojie." (Doc. No. 12 at p. 4.) *See also* Doc. No. 13 at ¶ 13.

Noco also sent a Waiver Package to Defendant Aojie via electronic means; i.e., through Amazon Message Center, which allows Amazon users to communicate directly with sellers. (*Id.* at ¶ 19.) This message "appeared to have been instantly relayed and did not bounce back." (*Id.*) As of December 22, 2020, Noco "had not received any waivers, nor had it received any communications from any of the Defendants." (*Id.* at ¶ 20.)

On January 12, 2021, Noco filed a Motion seeking leave pursuant to Fed. R. Civ. P. 4(f)(3) to serve Defendants Qingyou, Aojie, and Shenai by email and through the messaging centers of Facebook and Amazon. (Doc. No. 12.) On January 27, 2021, the Court granted the Motion as to Defendant Shenai but denied the Motion as to Defendants Aojie and Qingyou. (Doc. No. 14.) With respect to Defendant Aojie, the Court found, in relevant part, as follows:

> The Court is not persuaded, however, that service by alternative means is appropriate with respect to Defendant Aojie. Unlike with Defendant Shenai, Noco has not demonstrated that the physical address for Defendants Aojie is unknown. To the contrary, Noco avers that it was able to obtain a physical address for Defendant Aojie from a business report generated from credit management company, Mira Inform. (Doc. No. 13 at ¶ 9; Doc. No. 13-3.) Noco mailed a Waiver Package to this address via Fed Ex International Priority and that package was successfully delivered to the building's mailroom. (Doc. No. 13 at ¶ 13.) Thus, by its own admission, Noco has a viable physical address for Defendant Aojie.
>
> Noco asserts, however, that it is "unclear whether [the Waiver Package] ultimately reached Defendant Aojie" because it was accepted by the mailroom and Noco did not receive a response to the Waiver materials. (Doc. No. 12.) The Court rejects this argument. Standing alone, the mere fact that the package was accepted by a mailroom (rather than by Defendant Aojie itself) does not necessarily demonstrate that the physical address is inaccurate. Moreover, the fact that Aojie has not responded to Noco's waiver request is insufficient evidence that the physical address obtained from Mira Inform for Aojie is inaccurate. \*\*\*
>
> Accordingly, the Court finds that Defendant Aojie's physical address is not unknown and Noco has not demonstrated that any other exception to the Hague Convention applies. Therefore, the Court finds that the Hague Convention applies to Defendant Aojie.

(*Id.* at pp. 11-12.) The Court then denied without prejudice the Motion for Alternative Service as to Defendant Aojie, finding that "Noco must attempt service on Defendant Aojie pursuant to the procedures set forth in the Hague Convention before seeking alternative service under Rule 4(f)(3)." (*Id*. at pp. 13-14.)

On February 1, 2021, Noco filed the instant Motion for Reconsideration with respect to the Court's decision to deny Noco's request for alternative service as to Defendant Aojie. (Doc. No. 15.) Therein, Noco argues that reconsideration is warranted based on newly discovered evidence that it does not, in fact, have a known physical address for Defendant Aojie. (*Id.*) Specifically, Noco asserts that (after its Motion for Alternative Service was filed but shortly before the Court issued its January 27, 2021 Order), counsel for Noco received an email in response to the Waiver Package that was sent to Defendant Aojie at the address generated from Mira Inform and accepted by the "Mailroom." (*Id.* at p. 3.) This email is dated January 25, 2021 and provides as follows:

> To whom it may concern:
>
> I was deeply surprised for receiving your attorney letter, my company is a professional dental equipment manufacturer in Shenzhen, we never make and sell any automobile parts or jump starters since the company established in 2003, please determine the real entity name (Both in Chinese and English) and its address of your defendant, because there are many companies with the same English name but different address in China.
>
> The defendant listed in district court document, has different address from our company, we do not know about the entity company with following address (3rd floor, No.51-2, Fu'an West Road, Pinghu Street, Longgang District, Shenzhen 518111, China), please make further investigation.
>
> Regards,
> Solive
> CEO of Shenzhen Aojie Technology Co.,Ltd
> Suite 508-509, Block No.1, Minle Industry Park, Meiban Avenue, Long Hua, Shenzhen, China 518131
> http://www.aj-dental.com

4

(Doc. No. 15-1 at PageID# 156) (spelling and grammar reproduced as in original). Based on the above, Noco argues that Defendant Aojie's physical address is unknown, the Hague Convention does not apply, and service via alternative means should be permitted. (Doc. No. 15 at pp. 5-6.)

**II.      Legal Standard**

Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Interpreting this Rule, the Sixth Circuit has held that "district courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir.2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.1991)). "This authority allows district courts 'to afford such relief … as justice requires.'" *Id.* (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C.1994) (alteration in original)). As the Sixth Circuit has explained, "[t]his standard obviously vests significant discretion in district courts." *Id.* at 959, fn. 7.

Generally, courts find justification for reconsidering interlocutory orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez,* 89 Fed. Appx. at 959. *See also McCormack v. City of Westland, MI.,* 2019 WL 4757905 at * 2 (6th Cir. April 15, 2019). A motion for reconsideration is not available, however, to relitigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Ruhl v. State of Ohio*, 2016 WL 5869828 at * 3 (N.D. Ohio Oct. 7, 2016).

**III.     Analysis**

5

For the following reasons, Noco's Motion for Reconsideration is granted. As discussed above, Noco seeks reconsideration of the limited portion of this Court's January 27, 2021 Order that relates to Defendant Aojie. Noco's motion is based on new evidence that was not available to it at the time its Motion for Alternative Service was filed, i.e., the January 25, 2021 email from "Solive" that indicates that the Waiver Package at issue was delivered to an entity that is distinct from Defendant Aojie herein. Based on this new evidence, and in light of the fact that the Waiver Package sent to the physical address listed on Aojie's Amazon page was returned undeliverable, the Court is persuaded that Defendant's Aojie's physical address is unknown. Therefore, the Hague Convention does not apply and Fed. R. Civ. P. 4(f)(1) is not applicable. *See* Hague Convention, Art. 1.

The Court further finds that, under the circumstances presented, service on Defendant Aojie through Amazon Message Center is appropriate and reasonably calculated to apprise Aojie of the instant lawsuit. As an initial matter, the Court finds that Noco reasonably attempted to effectuate service by sending the Waiver Package to the physical addresses provided by Defendant Aojie on its Amazon storefront and generated through Mira Inform. The Court further finds that service through electronic channels (such as email and Amazon Message Center) is not prohibited by the Hague Convention. *See, e.g., Shenzen Dika Na'er E-Commerce Co., Ltd.*, 2017 WL 11540638 at * 3 (N.D. Ohio Nov. 22, 2017) (noting that "federal courts have repeatedly found that email service is not prohibited by the Hague Convention"); *Noco v. Shenzhen Anband Technology*, 2018 WL 1373822 at * 3 (N.D. Ohio March 19, 2018) (same); *Lexmark Int'l v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) (same). This is the case even where a signatory country has objected to the alternative methods of service in Article 10, as China has. *See Lexmark Int'l*, 295 F.R.D. at 262; *Noco v. Khaustov*, 2019 WL 4218637 at * 3 (N.D. Ohio Sept. 5, 2019) ("[F]ederal

courts have found that '[w]here a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as email or publication.'") (quoting *Adidas AG v. Adidas.style*, 2018 WL 1801197 at * 1 (S.D. Fla. Feb. 7, 2018)).

Finally, Noco has provided sufficient information from which the Court can determine that the requested alternative service via Amazon Message Center is reasonably calculated to reach Defendant Aojie. Specifically, Noco has presented evidence that Defendant Aojie sells its AUTOWN jump starter products through Amazon under the seller name "AUTOWN Direct." (Doc. No. 13 at ¶¶ 3, 19.) Noco further asserts that it delivered the Waiver Package to Defendant Aojie through Amazon's Message Center (via AUTOWN Direct) and that it appeared to have been instantly relayed and did not bounce back. (*Id*. at ¶ 19.)

Courts have authorized electronic service under similar circumstances, particularly where a defendant's business takes place online and the defendant has provided an incomplete or incorrect physical address. *See, e.g., Chanel v. Xu*, 2010 WL 396357 at * 4 (W.D. Tenn. Jan. 27, 2010). *See also Aerodyn Engineering LLC v. Fidia Co*, 2020 WL 3000509 at * 2 (E.D. Mich. June 4, 2020) ("Plaintiff is also correct in asserting that service via email comports with principles of due process where the serving party has shown, as Plaintiff has done here, that the party being served does business online and the identified emails are valid.") Moreover, courts have expressly allowed service through Amazon's messaging center under Rule 4(f)(3). *See, e.g., Noco v. Liu Chang*, 2020 WL 533021 at * 3 (N.D. Ohio Feb. 3, 2020) ("While Amazon's messaging center is not email *per se*, courts have allowed service to Chinese defendants through other electronic messaging services, including through Amazon's messaging center.") (collecting cases).

7

In light of Noco's good faith efforts to serve Defendant Aojie via both physical and electronic means, the Court grants Noco's Motion for Reconsideration with respect to this Defendant and will allow Noco to serve Defendant Aojie through Amazon Message Center via AUTOWN Direct.

## IV.	Conclusion

For all the reasons set forth above, Plaintiff The Noco Company, Inc.'s "Motion to Reconsider that Portion of the 1-27-2021 Order Denying Noco Leave to Serve Defendant Shenzhen Aojie Technology, Ltd. through Alternative Means" (Doc. No. 15) is GRANTED.  Noco is ordered to serve Defendant Aojie through Amazon Message Center via AUTOWN Direct within fourteen (14) days of the date of this Order.  Noco shall comply with Fed. R. Civ. P. 4 by providing proof of service once service is completed by the above approved means.  In addition, the Court directs Noco to serve a copy of all pleadings on Defendant Aojie through Amazon's messaging center.  Should Defendant Aojie enter a formal appearance, service shall revert to standard processes.

**IT IS SO ORDERED.**

Date:  February 3, 2021

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE